UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 17-61893-CIV-COOKE/HUNT

100PLUSANIMALRESCUE, Inc.,
et al.,

        Plaintiffs,

   v.

DARCY ODE BUTKUS

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before this Court on Plaintiffs' Motion for Attorneys' Fees and Costs, ECF No. 142. The Honorable Marcia G. Cooke referred this case to the undersigned for all non-dispositive pretrial motions, fees, costs, as well as the specific motion at issue. ECF Nos. 9, 183; *see also* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough and careful review of the record, the applicable law, and being otherwise fully advised in the premises, the undersigned RECOMMENDS that Plaintiffs' Motion for Attorneys' Fees and Costs, ECF No. 143, be DENIED.

**I.**    **Background**

100 Plus Animal Rescue Inc. and Amy Roman ("Plaintiffs") brought this defamation action against Darcy Butkus ("Defendant") alleging that Defendant routinely engaged in defamatory conduct against Plaintiffs' reputation. ECF No. 36. During litigation, Defendant moved to dismiss the Second Amended Complaint pursuant to Section 768.295(4) of the Florida Statutes ("anti-SLAPP statute"). ECF No. 39. The Court held

a hearing on the motion to dismiss and denied the motion for reasons stated on the record.  ECF Nos. 61, 62.  Defendant then moved for summary judgment pursuant to the anti-SLAPP statute and on other grounds.  ECF No. 90.  The Court denied Defendant's motion for summary judgment and requested that Plaintiffs file supplemental briefing so that the Court could enter summary judgment in favor of Plaintiffs, the non-movant.  ECF No. 137.

Prior to filing the supplemental briefing, Plaintiffs filed the instant motion for attorneys' fees.  ECF No. 142.  Defendant filed a response in opposition and Plaintiffs filed a reply in support of the motion.  ECF Nos. 149, 157.  On September 30, 2020, the Court entered judgment in favor of Plaintiffs and administratively closed the case.  ECF No. 160.

## II.     Parties' Arguments

Plaintiffs argue that they are the prevailing party and are entitled to fees under Florida's Strategic Lawsuits Against Public Participation ("anti-SLAPP statute") because the Court denied Defendant's Special Motion to Dismiss and Defendant's Motion for Summary Judgment.  Plaintiffs seek $59,750.00 in attorneys' fees for 239 hours worked in this case at an hourly rate of $250.  Plaintiffs' counsel argues that both his hours and hourly rate are reasonable.  Plaintiffs also seek $144 in costs for a transcript on Defendant's Special Motion to Dismiss.

Defendant responds raising several arguments as to why Plaintiffs' Motion should be denied.  First, Defendant argues that Plaintiffs failed to comply with Local Rule 7.3(b).  Defendant contends that Plaintiffs did not contact Defendant before filing the motion, did not serve the motion thirty days prior to filing it and did not confer twenty-one days after

serving the motion, and did not attach the fee agreement to their motion.  In other words, Defendant argues that Plaintiffs blatantly ignored every requirement prescribed in Local Rule 7.3(b).  Defendant next argues that the claimed fees are improper, unsupported, and duplicative.  Defendant contends that Plaintiffs' billing entries contain generic descriptions of tasks and that the hours sought for these tasks are extremely excessive.  For example, Defendant argues that simple clerical tasks such as viewing notices from the Court are billed for more time than they should be and that Plaintiffs even seek fees for corrections to their own mistakes.  Lastly, Defendant contends that this Court declined to apply the anti-SLAPP statute on the grounds that the anti-SLAPP statute was procedural in nature and secondary to Federal Rule of Civil Procedure 56.

Plaintiffs reply that Local Rule 7.3(b) is not as heavy handed as Defendant suggests and that if applied in such a way, courts would have illogical decisions robbing attorneys of hundreds of hours of work.  Plaintiffs claim that even if they did not serve Defendant with the motion before filing, Plaintiffs did confer with Defendant on the issue of fees after the Court denied Defendant's summary judgment motion but Defendant stated she opposed the fees sought.  Plaintiffs' counsel contends that he described the fee agreement in enough detail to satisfy Local Rule 7.3's requirement.  Lastly, Plaintiffs argue that Defendant should not be allowed to claim that the anti-SLAPP statue does not apply, because until the hearing neither party expected it would not apply.

### III.    Discussion

#### A.    Entitlement

Section 768.295(4) of the Florida Statutes provides that: "[t]he court shall award the prevailing party reasonable attorney[s'] fees and costs incurred in connection with a

claim that an action was filed in violation of this section." Courts in this Circuit have taken that to mean once a party invokes the statute, a hearing on the issue is held, and there is a ruling on whether the suit violated the statute, then the prevailing party is entitled to attorneys' fees and costs. *See Anderson v. Best Buy Stores L.P.*, Case No. 5:20-cv-41-Oc-30PRL, 2020 WL 5122781, at *4 (M.D. Fla. July 28, 2020) (fees can only be awarded after a hearing); *Wentz v. Project Veritas*, Case No. 6:17-cv-1164-Orl-18GJK, 2019 WL 4621069, at *2 (M.D. Fla. July 19, 2019) (holding that Defendant simply asserted the anti-SLAPP statute as an affirmative defense but there was no ruling on whether the suit violated the statute and thus Defendant was not entitled to fees pursuant to the anti-SLAPP statute).

Further, the anti-SLAPP statute appears to have been implemented to protect defendants in defamation cases as Judge Martinez stated:

> Florida's anti-SLAPP statute prohibits a person from filing a suit that is (a) "without merit" and (b) "primarily" because the person against whom the suit was filed "exercised the constitutional right of free speech in connection with a public issue...." Fla. Stat. § 768.295(3). The Florida legislature enacted the statute to deter such suits, finding they are "inconsistent" with the constitutional right of free speech—the preservation of which is a "fundamental state policy[.]" *Id.* § 768.295(1). Presumably for that reason, the **statute awards a defendant fees and costs** if a plaintiff files a forbidden suit. *Id.* § 768.295(4).
>
> . . .
>
> Because Plaintiff's suit fails to state a claim for defamation, it was without merit under Florida Statute § 768.295(3). And because Plaintiff's suit "arose out of" Defendant's news report, the second element—free speech in connection with a public issue—is also satisfied. See Fla. Stat. § 768.295(2)(a); *Parekh*, 820 Fed. App'x at 831–32. The statute therefore entitles Defendant to recoup reasonable attorneys' fees and costs.

*Bongino v. Daily Beast Co.*, 477 F. Supp. 3d 1310, 1322 (S.D. Fla. 2020) (emphasis added).

4

Here, the undersigned finds that Plaintiffs are not entitled to fees under the anti-SLAPP statute.  Defendant raised the anti-SLAPP statute in both her motion to dismiss and her motion for summary judgment.  However, after reviewing the transcript on the motion to dismiss, the order denying Defendant's motion for summary judgment, and the order entering judgment in favor of Plaintiffs, the undersigned finds that no ruling was made in regard to the anti-SLAPP statute.  *See* ECF Nos. 94, 137, 160.

Additionally, during the motion to dismiss hearing, Plaintiffs requested the Court to "reserve on attorney[s'] fees."  ECF No. 94 at 20.  The Court responded "at [that] point in time, [the Parties] were going to bear their own fees and costs."  ECF No. 94 at 20.  When further pressed by Plaintiffs' counsel, the Court instructed Plaintiffs to file a motion and "maybe [the Court] will change [its] mind."  ECF No. 94 at 20.

Further, the Court's ruling on the motion to dismiss stated that the motion to dismiss was denied because Plaintiffs' Second Amended Complaint satisfied the pleading standard.  ECF No. 94 at 19.  In other words, the Court did not explicitly rule that Plaintiffs' action did not violate the anti-SLAPP statute.  *See* ECF No. 94 at 19–20.

Likewise, when examining the Court's Order on Defendant's Motion for Summary Judgment, the Court expressly stated that the "Court need not draw upon the supplemental remedies of the Florida anti-SLAPP statute as the Federal Rules of Civil Procedure—Rule 56—provide an adequate framework for expeditiously resolving the issues raised in Plaintiffs' Second Amended Complaint."  ECF No. 137 at 6.  The Court then proceeded to conduct a Rule 56 analysis and no ruling in regard to the anti-SLAPP statute was made.  *See* ECF No. 137.

Therefore, the undersigned finds that Plaintiffs are not the prevailing party under the anti-SLAPP statute because the Court rendered no such ruling. Thus, the undersigned recommends that Plaintiffs are not entitled to attorneys' fees and costs. The undersigned also details other grounds to deny Plaintiffs' Motion as discussed below.

B.  Local Rule 7.3

"Local Rule 7.3(b) states, in relevant part, that: (1) '[a] draft motion . . . *must* be served but not filed within thirty (30) days after entry of the final judgment or order,' and (2) '[w]ithin twenty-one (21) days of service of the draft motion, the parties shall confer and attempt in good faith to agree on entitlement to and the amount of fees.'" *Irish v. Reynolds*, No. 13-10063-CIV-KING/TORRES, 2018 WL 1863765, at *3–4 (S.D. Fla. Jan. 9, 2018), *report and recommendation adopted sub nom.*, *Irish v. Hyde*, No. 13-10063-CIV-KING/TORRES, 2018 WL 1863747 (S.D. Fla. Feb. 9, 2018) (emphasis in original).

This District routinely holds, and the Eleventh Circuit agrees, that a party's failure to follow the Local Rules is alone a sufficient reason to deny its motion for attorneys' fees. *See id.*; *J.B. Hunt Transp. Inc. v. S & D Transp., Inc.*, 589 F. App'x 930, 933 (11th Cir. 2014) ("Because the district court held that [Plaintiff] failed to comply with Local Rule 7.3, which constituted an independently sufficient basis to deny [Plaintiff's] motions, we affirm"); *Norych v. Admiral Ins. Co.*, No. 08–60330–CIV-ALTONAGA, 2010 WL 2557502, at *2 (S.D. Fla. June 23, 2010) (denying motion for fees because movant admitted that it did not comply with Local Rule 7.3(b)'s 30–day service requirement or 21–day conferral requirement).

Here, Plaintiffs did not comply with any requirement prescribed in Local Rule 7.3(b) and as a defense attempt to minimize the importance of the Local Rules. Plaintiffs claim

6

that courts do not deny motions for attorneys' fees simply for a violation of the Local Rules, however, Plaintiffs seem to ignore the plethora of case law in this District and Circuit that holds otherwise.  *See*, *e.g.*, *Fernau v. Echante Beauty Prods., Inc.*, No. 18-20866-CIV-SCOLA/MCALILEY, 2021 WL 1520755, at *4 (S.D. Fla. Mar. 11, 2021) (denying defendants' motion for costs on the grounds that defendants did not comply with Local Rule 7.3); *I.T.N. Consolidators, Inc. v. N. Marine Underwriters, Ltd.*, No. 09-20762-CIV-LENARD/GOODMAN, 2016 WL 3892428, at *3 (S.D. Fla. July 13, 2016) ("A party's failure to comply with Local Rule 7.3 is a sufficient basis to deny its fees and costs motion.") (citation omitted).

Therefore, the undersigned recommends that Plaintiffs' Motion for Attorneys' Fees should be denied on the grounds that Plaintiffs did not comply this Court's local rules and that the Court did not issue a ruling related to the anti-SLAPP statute.

C.    Excessive Fees

In the alternative, should the District Judge disagree with the undersigned's recommendation and find that Plaintiffs are entitled to attorneys' fees and costs, the undersigned finds that the requested fees are excessive and unreasonable and recommends they be significantly reduced.  After reviewing Plaintiffs' time entries, the undersigned agrees with Defendant that the entries are excessive and unreasonable.  If the District Court disagrees with the recommendation denying fees, the undersigned recommends that the matter be re-referred for a more specific recommendation regarding the amount of reduction.

**IV.     Recommendation**

Based on the foregoing, the undersigned RECOMMENDS that Plaintiffs' Motion for Attorneys' Fees, ECF No. 142 be DENIED.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** at Fort Lauderdale, Florida this 14th day of June 2021.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable Marcia G. Cooke
All Counsel of Record